## 60090. ARNOLD v. THE STATE.

SHULMAN, Judge.

Defendant appeals his conviction of violating the Georgia Controlled Substances Act (Code Ann. Ch. 79A-8; Ga. L. 1974, p. 221 et seq.). We affirm.

1. Appellant submits it was error to deny his motion to suppress, contending that the inventory search of his automobile conducted by the investigating officer at the scene of (and subsequent to) appellant's arrest was improper. We cannot agree.

The arresting officer testified that on September 15, 1977, he observed the defendant standing at the passenger side of a vehicle and that he recognized the defendant as the person for whom he had been looking in order to execute an arrest warrant. The officer testified that when defendant saw the officer, he jumped into the passenger side of the vehicle whereupon co-defendant Parks (not a party to this appeal), who had been sitting in the driver's seat, drove away.

The officer pursued and caught up to the vehicle, placing

defendant and Parks into custody, not for a traffic offense, but because of the arrest warrant. The officer then checked the glove compartment, where he found information indicating that the automobile belonged to defendant, despite defendant's protestations to the contrary. The officer also searched under the front passenger seat, where he found a quantity of heroin.

Under the persuasive authority of United States v. Edwards, 577 F2d 883, 893, we find that the search conducted on defendant's automobile was not an unlawful subterfuge, but a valid inventory search conducted pursuant to standard police practice and within the bounds of a constitutionally permissible inventory search.

"[T]he police, in conducting an inventory search, may ordinarily inspect the glove compartment, the trunk, on top of the seats as well as under the front seats, and the floor of the automobile. An inspection of these areas is reasonable because these are common locations in or on which it is reasonably to be expected that the owner or occupant of an automobile may place items of personalty. The intrusion, although serious, is justified by the need to protect the property of the owner, and to protect the police from claims. This is to say no more than in the typical case it is not unreasonable for the police to search such places while conducting an inventory." Id., p. 894.

Since the inventory search of defendant's car was conducted pursuant to the valid arrest of defendant and did not exceed constitutional limits of scope, the evidence adduced from the search was not subject to defendant's motion to suppress. Compare *Gaston v. State,* 155 Ga. App. 337 (1980). This enumeration of error, therefore, does not present grounds for reversal.

2. Nor do we find merit in appellant's contentions of error on the general grounds. See in this regard *Kincaid v. State,* 137 Ga. App. 138 (5) (223 SE2d 152), and Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

3. The state objected, on the ground of irrelevancy, to defense counsel's cross examination of the arresting officer wherein defense counsel challenged the legality of defendant's arrest and the subsequent search and seizure. Defendant argues that the prosecutor's statement in regard to such objection that "the court has already held that the arrest and the seizure of the contraband was legal" mandated the grant of a mistrial (or in the alternative a rebuke and corrective instructions from the trial court). Defendant argues that such statement implied that the court considered defendant guilty of the offense charged in usurpation of the function of the jury. We disagree.

The statement set forth a correct proposition of law, that is, that

in determining the legality of an arrest and a search and seizure the trial judge is the trier of fact (pursuant to a motion by the defense to suppress). See, e.g., *Harris v. State,* 120 Ga. App. 359 (1) (170 SE2d 743). That being true, the trial court did not err in refusing to grant a mistrial in response to the prosecutor's remark or in failing to rebuke the prosecutor.

Finding no error for any reason assigned, the judgment of the trial court is affirmed.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

SUBMITTED JUNE 17, 1980 — DECIDED SEPTEMBER 5, 1980.

*Thurbert E. Baker, Louise T. Hornsby,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellee.