## 64596. SIMS v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of possession of more than one ounce of marijuana. He appeals on the general grounds. He enumerates eight other errors concerning denial of motions, evidence admitted improperly and failure to charge the jury on issues raised by the evidence.

On September 2, 1980 Sergeant Tommy Pruitt of the Rome, Georgia police department obtained a search warrant for a room rented by appellant in Rome. Appellant was located in a laundromat, a copy of the search warrant was served on him and immediately thereafter his room was searched in appellant's presence. A large plastic bag containing approximately one pound of marijuana was found between the mattress and box springs of appellant's bed. Appellant had been advised of his rights at the laundromat and again at his room. Appellant's girl friend was with him and when the police started to take both of them to the police station, appellant said "well,

it is not her marijuana, it is mine." Appellant also had told the police at the laundromat that he stayed at the room alone.

Both appellant and his girl friend testified they had not been in the apartment for a week, and had driven straight to the laundromat from Dalton, Georgia. Appellant's testimony implied that one of the police officers planted the marijuana; he also denied telling the police that the marijuana was his.

1. The weight of the evidence and credibility of witnesses is for jury determination, *Miller v. State,* 163 Ga. App. 889, 890 (1) (296 SE2d 182) (1982), and this court passes on the sufficiency of the evidence, not its weight. Id. The evidence in the instant case is sufficient to support the verdict, and we hold that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends the trial court erred by denying his motion to suppress the marijuana found in his room because the affidavit failed to establish the reliability of the informant. This enumeration is without merit.

The affidavit set forth that affiant had received information from a reliable informant that the informant had observed appellant within the past 12 hours with marijuana in his possession, and listed two specific instances within the preceding 30 days where information furnished by the informant had led to arrests. In addition, the affiant told the issuing magistrate that he had been to the premises described in the warrant and gave additional instances where the informant had proved to be reliable. Such information is sufficient to establish the reliability of the informant. *Tisby v. State,* 157 Ga. App. 200, 201 (276 SE2d 875) (1981).

3. Appellant contends the trial court erred by not allowing his counsel time to prepare for the hearing on the motion to suppress, to prepare for trial and to prepare subpoenas.

The record does not disclose that appellant made a motion for a continuance or a request for continuance. After the court stated it would proceed to jury selection, subject to the motion to suppress, appellant's counsel stated he would "prefer" a continuance. However, counsel for appellant later stated that the defense was ready. The subject of a continuance was never raised thereafter nor was a motion for continuance ever made. Under such circumstances, there is nothing for us to review. *Sumners v. State,* 137 Ga. App. 493, 494 (224 SE2d 126) (1976); *Sims v. State,* 159 Ga. App. 692 (1) (285 SE2d 65) (1981).

4. Appellant contends it was error to allow the state to present evidence of previous criminal charges against appellant and evidence

of prior convictions of appellant.

On direct examination appellant testified that he had never transported, bought or sold drugs. The trial court then allowed the state to present evidence that appellant had been apprehended on a different occasion with marijuana seeds and a marijuana plant in his car. The state was also allowed to introduce evidence of three prior convictions on the basis that appellant had placed his character in issue. In a similar case where a defendant stated he had never robbed anyone in his life and the trial court allowed evidence of prior convictions, the defendant enumerated the same error as Sims raises here. *Stephens v. State,* 144 Ga. App. 779, 780 (2A) (242 SE2d 371) (1978). Although this court in *Stephens* did not consider the issue because the defendant had not objected at trial, we went on to state: "We note that admission of the evidence complained of was not error in any event . . . [D]efendant answered a question [on cross-examination] . . . by stating, 'I never robbed a man a day in my life . . .' This response was volunteered. . . . Under these circumstances, this court would not reverse the conviction. [Cit.]" See also *Brown v. State,* 237 Ga. 467, 468 (228 SE2d 853) (1976).

5. a. Appellant contends the trial court erred by not granting a mistrial after the state objected to defense counsel's questions on cross-examination challenging the legality of appellant's arrest and the admissibility of the marijuana in evidence. In making his objection, the prosecuting attorney stated, in the presence of the jury, that those issues had already been ruled on by the court. This court has held under similar circumstances that such a statement sets forth a correct principle of law, i.e., that on a motion to suppress evidence the trial judge is the trier of fact in determining the legality of an arrest and a search and seizure, and, therefore, it is not error to refuse to grant a mistrial in response to the prosecutor's remark. *Arnold v. State,* 155 Ga. App. 581, 582 (3) (271 SE2d 714) (1980).

b. Appellant also contends that the same error occurred on two subsequent occasions and the court erred by not granting a mistrial sua sponte. In the first instance defense counsel objected to the admissibility of the search warrant on the grounds that it was not based on probable cause and the reliability of the informer had not been established. Without going into the ruling, the prosecutor merely stated the court had already ruled and the objection should be argued outside the presence of the jury. For the same reasons set forth in the preceding paragraph, we find no error. *Arnold,* supra.

The last instance appellant complains of did not involve a statement as to previous rulings, but involved an objection by defense counsel to a question by the prosecutor. The objection was sustained, so there is nothing for us to review. *Sumners v. State,* supra.

c. In his closing argument (not recorded) the prosecutor allegedly stated that Sims testified that certain pills in his possession were "speed." Appellant moved for a mistrial on the ground that the prosecutor had misquoted the evidence and his remarks were highly prejudicial. The motion for a mistrial was denied, but because there was a dispute as to whether or not the prosecutor had made such a statement, the jury was instructed to disregard any such statement by the prosecutor. The motion for a mistrial was not renewed. "Since the rule requiring renewal of a motion for a mistrial following curative instructions has been retained in criminal cases, the issue has not been preserved for appellate review." *Bankston v. State,* 159 Ga. App. 342, 343 (3) (283 SE2d 319) (1981).

6. Appellant contends the trial court erred by failing to give requested instructions 2 — 16, by failing to charge on alibi, and by failing to charge on equal access.

Appellant's requested instructions 2 through 14 pertained to the validity of the search warrant, probable cause to issue the warrant, reliability of the informant, etc. These issues had been resolved and ruled on in the motion to suppress hearing; in such a hearing, the judge sits as the trier of fact. *State v. Betsill,* 144 Ga. App. 267, 268 (2) (240 SE2d 781) (1977). Since the instructions related to issues that had been resolved by the judge the requests were denied properly.

Requested instruction 15 was on the presumption of innocence, and requested instruction 16 related to the burden of proof. Those principles were covered in the court's charge to the jury. The failure to give requested instructions in the exact language requested, where the charge given covers the same principles, is not ground for reversal. *Kelly v. State,* 241 Ga. 190, 191 (4) (243 SE2d 857) (1978).

As to appellant's requested charge on alibi, appellant was present in his room when it was searched and the marijuana was found. Thus, no issue of alibi was raised by the evidence, and when a requested charge deals with a matter not in issue, it is not error for the trial court to deny the request. *Anderson v. State,* 163 Ga. App. 603, 604 (295 SE2d 564) (1982).

As to appellant's contention that the trial court erred by failing to give a charge on equal access, there was no request for such an instruction. At the conclusion of its charge, the court asked if there were any exceptions to the charge; defense counsel replied that his only exception was on the court's failure to charge on alibi. An appellant waives his right to enumerate error as to the charge given by the court by failing to respond to the court's inquiry on objections to the charge. *White v. State,* 243 Ga. 250, 251 (253 SE2d 694) (1979); *Brown v. State,* 154 Ga. App. 358, 359 (268 SE2d 731) (1980).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED MARCH 9, 1983 —
REHEARING DENIED MARCH 24, 1983 — 

R. *Everett Anderson,* for appellant.
F. *Larry Salmon, District Attorney, William H. Boggs, Assistant District Attorney,* for appellee.