71576. DIMICK v. THE STATE.
(341 SE2d 914)

BEASLEY, Judge.

Appellant was arrested outside a restaurant for carrying a concealed weapon, a loaded and cocked 9 millimeter semi-automatic rifle, which was found tucked into his trousers beneath his coat. OCGA § 16-11-126. At the time he was also carrying a loaded and cocked .45 caliber pistol in a holster under his left arm, for which he was not charged, and a container of marijuana in his waistband. The arrest occurred after an employee of the restaurant called police to report that she saw the pistol as appellant was leaving the restaurant; he had been inside but just walked around and declined to be seated. Appellant's car was searched after he pointed it out on the parking lot in response to an officer's question. The warrantless search of the auto, the subject of the present appeal, uncovered yet another pistol, one or two small hand-rolled cigarette butts, and a gym canvas bag which contained packets of cocaine.

In addition to the original concealed weapon's charge, appellant was charged with possession of less than one ounce of marijuana (which was on his person) and possession of cocaine in violation of the Georgia Controlled Substances Act. OCGA § 16-13-30. He was convicted after a bench trial on all counts. He now appeals, asserting as

error the trial court's denial of his motion to suppress the evidence found in the warrantless auto search. Although it is unclear from appellant's notice of appeal and enumerations of error, he is apparently challenging only his cocaine conviction as this is the only charge that relates to evidence found as a result of the auto search.

1. Appellant contends that the trial court erred in concluding the search was justified under the plain view doctrine. Because appellant enumerates as error only a Fourth Amendment claim, and not a state constitution claim, we only address whether appellant's federal constitutional rights were violated by the warrantless search. *State v. Camp*, 175 Ga. App. 591, 593 (1) (333 SE2d 896) (1985). See also *Lee v. State*, 177 Ga. App. 698 (340 SE2d 658) (1986).

" '[W]here the initial intrusion that brings the police within plain view of such an article [of incriminating evidence] is supported, not by a warrant but by one of the recognized exceptions to the warrant requirement, the seizure is . . . legitimate.' The [plain view] doctrine will support a warrantless search and seizure if the agents are lawfully in position to obtain the view, the discovery is inadvertent, and the object viewed is immediately seen to be incriminating." *Mooney v. State*, 243 Ga. 373, 383 (1) (254 SE2d 337) (1979).

Here, the police officer was lawfully in a position to view. The officer testified at the motion hearing that he peered into the vehicle parked in the public restaurant lot "since we had already found two automatic weapons on the subject, and I was looking in the vehicle to see if there was anything else, any larger weapons, or any other automatic weapons in the vehicle." This was well within his authority and reasonable under the circumstances. Anyone could have looked in through the car window. From this position the officer was able to see "a pistol stock down in the driver sidedoor, there was a canvas gym bag laying in the floor . . . little film cans which many times is used to conceal narcotics, it is a little dark, plastic film case, and I can't recall specifically, one or two little bitty roaches, but I can't specifically say." They were "in the console area of the vehicle."

Appellant asserts that the state failed to prove the search was authorized under the plain view doctrine because the police officer testified on cross-examination that it "was possible" he found the hand-rolled cigarettes *after* he was already in the car for inventory purposes. Although this statement injects some equivocation into the officer's previous statements that he viewed the roaches from outside the vehicle, it does not mandate that the court disregard his earlier statements or conclude them to be impeached by this expression of uncertainty. The subject was discussed at some length, and the court was authorized to take all of the evidence into account in determining the fact.

" 'On motion to suppress evidence, the trial judge sits as the trior

of the facts, hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. [Cit.]' [Cits.]" *McDonald v. State*, 156 Ga. App. 143, 146 (1) (273 SE2d 881) (1980). Where a witness' positive testimony is coupled with testimony exhibiting some degree of doubt as to its certainty, it does not necessarily impeach the positive testimony but rather leaves resolution to the fact finder. OCGA § 24-9-83; *Carter v. State*, 2 Ga. App. 254, 258-259 (3) (58 SE 532) (1907); *Griffin v. State*, 123 Ga. App. 820 (1) (182 SE2d 498) (1971). As there was evidence that the officer saw the "roaches" on the console or ashtray while he was deliberately looking into the car through the window to see if there were any additional weapons, the finding is supported. We cannot hold as a matter of law that the finding was clearly erroneous. *Pressel v. State*, 163 Ga. App. 188, 189 (1) (292 SE2d 553) (1982).

The opening of the canvas gym bag in which the cocaine was discovered was also authorized. "A lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search. . . . A warrant to search a vehicle would support a search of every part of the vehicle that might contain the object of the search. When a legitimate search is under way, and when its purpose and its limits have been precisely defined, nice distinctions between closets, drawers, and containers, in the case of a home, or between glove compartments, upholstered seats, trunks, and wrapped packages, in the case of a vehicle, must give way to the interest in the prompt and efficient completion of the task at hand. This rule applies equally to all containers, . . . The scope of a warrantless search based on probable cause is no narrower . . . than the scope of a search authorized by a warrant supported by probable cause." *United States v. Ross*, 456 U. S. 798, 820-823 (102 SC 2157, 72 LE2d 572) (1982). See also *United States v. Johns*, 469 U. S. ___ (105 SC 881, 83 LE2d 890) (1985).

2. Because we conclude there was no error in the trial court's holding that the search was authorized under the plain view doctrine, we need not reach the issue of whether the warrantless search of the auto was authorized as an inventory search. It was made after defendant, who was alone, was arrested and the restaurant proprietor demanded removal of the car.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 27, 1986.

*Foy R. Devine, Bruce H. Morris*, for appellant.

*Robert E. Wilson, District Attorney, James W. Richter, Nelly F. Withers, Assistant District Attorneys,* for appellee.