A90A1259. WHATLEY v. THE STATE.
(398 SE2d 807)

CARLEY, Chief Judge.
Appellant was tried before a jury and found guilty of the following crimes: conspiracy to traffick in cocaine; trafficking in cocaine; and, use of a communications facility in the commission or facilitation of trafficking in cocaine. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

1. Appellee's motion to dismiss this appeal is denied.

2. Although appellant filed a pre-trial motion to suppress, his enumeration of error challenging the denial of that motion has not been supported either by citation of authority or by argument. Accordingly, this enumeration of error is deemed to have been abandoned pursuant to Rule 15 (c) (2) of this court.

3. Several of appellant's enumerations of error relate to an alleged violation of *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963) occasioned by the State's failure to disclose two pre-trial statements that had been made by a co-indictee. It appears, however, that neither statement of the co-indictee is exculpatory of

appellant. One is clearly inculpatory and the other is merely non-inculpatory in that appellant's name was not specifically mentioned therein. However, even assuming that either of the co-indictee's two statements could be considered exculpatory of appellant, there was no Brady violation because both were disclosed at trial. "[T]he mandate of Brady is not violated when the 'material is (made) available to the defendant during trial, since Brady does not require a pre-trial disclosure of the materials. (Cits.)' [Cit.]" Assad v. State, 195 Ga. App. 692, 693 (1) (394 SE2d 617) (1990).

4. A Spanish-speaking co-indictee was called as a witness for the State and testified on direct and cross-examination through an interpreter. Subsequently, appellant sought to recall the co-indictee for further cross-examination. Contrary to appellant's assertions, the trial court did not refuse to allow the co-indictee to be recalled. The trial court merely informed appellant that, if the co-indictee was to be recalled, he would have to be reaccompanied by an interpreter. "The use of an interpreter, and the extent to which the examination will be allowed to proceed through him must necessarily lie within the sound discretion of the trial judge." Hensley v. State, 228 Ga. 501 (1) (186 SE2d 729) (1972).

5. On cross-examination of a witness for the State, appellant elected to pursue the topic of the issuance of judicial authorization for a wiretap. The District Attorney began his redirect examination of the witness by making the following comment: "[W]e've already had a motion to suppress hearing on this particular. . . ." Appellant objected to this comment and moved for a mistrial. The trial court denied the motion but gave curative instructions. On appeal, appellant enumerates the denial of his motion for mistrial as error.

A defendant is entitled to have a hearing on his motion to suppress conducted outside the presence of the jury. However, appellant has cited no authority for the proposition that the jury is, under no circumstances, to be informed that a motion to suppress has been made and a hearing held. This court has previously held that, under circumstances similar to those which exist in the instant case, the challenged comment of the District Attorney would not be grounds for either a mistrial or curative instructions. Sims v. State, 165 Ga. App. 881, 883 (5a) (303 SE2d 60) (1983); Arnold v. State, 155 Ga. App. 581, 582 (3) (271 SE2d 714) (1980). In any event, the trial court did give curative instructions in the instant case and appellant did not thereafter renew his motion for mistrial. Accordingly, this enumeration of error is clearly without merit. Glass v. State, 181 Ga. App. 448 (2) (352 SE2d 642) (1987).

6. Since appellant was charged with conspiring with others to traffick in cocaine, it obviously was not error for the trial court to charge on constructive as well as actual possession. The jury was oth-

erwise adequately instructed that appellant could not be found guilty based upon proof of possession of the cocaine by his co-indictees unless he had conspired with them to traffick in that cocaine.

7. Since appellant was convicted of trafficking in cocaine, his conviction and sentence for conspiracy to traffick in cocaine cannot stand. *Hardin v. State*, 172 Ga. App. 232, 234 (1) (322 SE2d 540) (1984).

The judgments of conviction and sentences for trafficking in cocaine and the use of a communications facility in the commission or facilitation of trafficking in cocaine are affirmed. The judgment of conviction and sentence for conspiracy to traffick in cocaine are reversed.

*Judgments affirmed in part and reversed in part. McMurray, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 6, 1990.

John E. Sawhill III, for appellant.
Stephen F. Lanier, District Attorney, H. Harold Chambers, Jr., Leigh E. Patterson, Assistant District Attorneys, for appellee.