*T. Joseph Campbell, District Attorney, Rebecca B. Tierce, Assistant District Attorney*, for appellee.

A94A1290. WILLIAMS v. THE STATE.
(447 SE2d 714)

POPE, Chief Judge.

Defendant was convicted by a jury of three counts of armed robbery, three counts of possession of a firearm during the commission of certain felonies, one count of giving a false name, and one count of carrying a concealed weapon. Following the denial of his motion for a new trial, defendant appeals his conviction and life sentence.

At 2:30 a.m. on December 15, 1992, two men with a gun robbed a Huddle House restaurant. A restaurant employee said he had a good opportunity to look at both robbers and identified defendant as one of them. The same night at 4:00 a.m., two men with a gun robbed a convenience store, taking a cash drawer and the clerk's purse. The convenience store clerk was also able to get a good look at the robbers, and she identified defendant as the man who held a gun in her face. On January 14, 1993, a bank was robbed by a lone armed man. The teller testified that the robber was with her for approximately 15 minutes and that she had plenty of opportunity to see him. She also identified defendant as the armed robber.

1. In two enumerations of error, defendant contends the trial court should have granted his amended motion for new trial based on ineffective assistance of counsel. Specifically, defendant points to his trial counsel's failure to reserve objections to the trial court's charge, and argues this failure was harmful because the trial court errone-

ously omitted from its charge on possession of a firearm the requirement that the firearm be on the defendant's person or within his arm's reach. See OCGA § 16-11-106 (b). We first note that defendant's amended motion for new trial is not in the record on appeal: although defendant stated in his brief that he would supplement the record with a copy of it, he did not do so. In any case, we conclude the trial court's instruction on possession of a firearm during the commission of certain felonies was not erroneous given the evidence in this case. With respect to each of the armed robberies, the undisputed evidence was that one of the robbers was holding a firearm; and contrary to defendant's suggestion, defendant may properly be convicted of this offense as a party or aider or abettor. See *Victrum v. State*, 203 Ga. App. 377, 379-380 (3) (416 SE2d 740) (1992). Thus, whether or not the firearm was on someone's person or within their arm's reach was not an issue under the evidence presented, and the trial court did not err in failing to mention it in the charge.

2. Defendant further asserts that the trial court should not have allowed the prosecutor to refer to the co-defendant's earlier trial in his closing argument. Even though this brief passing reference did not indicate that the co-defendant was convicted, defendant asks us to infer that the jurors assumed the co-defendant was convicted, and that defendant should thus also be convicted. However, victims in all three of the armed robberies identified defendant as the perpetrator or one of the perpetrators, both at trial and in pre-trial photo lineups. Accordingly, we conclude that any error with respect to the prosecutor's closing argument was harmless.

3. Because defense counsel was able to elicit from the bank teller some expression of uncertainty as to her in-court identification, defendant argues the evidence was insufficient to support his conviction of the armed robbery and possession of a firearm charges with respect to the January robbery of the bank. "Where a witness' positive testimony is coupled with testimony exhibiting some degree of doubt as to its certainty, it does not necessarily impeach the positive testimony but rather leaves resolution to the fact finder. [Cits.]" *Dimick v. State*, 178 Ga. App. 60, 62 (1) (341 SE2d 914) (1986). Thus, viewed in a light favorable to the verdict, the evidence was sufficient to enable rational jurors to find defendant guilty beyond a reasonable doubt of robbing the bank and possessing a firearm in doing so. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

4. Lastly, defendant contends his life sentences for armed robbery violate the mandate of OCGA § 17-10-1 that sentences be for a determinate period. We have already rejected this argument, holding that OCGA § 17-10-1 authorizes the trial judge to impose any sentence within the minimum and maximum prescribed by law as punishment for the crime. See *Jefferson v. State*, 209 Ga. App. 859, 862-

863 (2) (434 SE2d 814) (1993). As a life sentence is within the range of punishment prescribed for armed robbery under OCGA § 16-8-41 (b), the trial court did not err in imposing it in this case.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED AUGUST 15, 1994.

*Stanley C. House*, for appellant.

*Daniel J. Craig*, District Attorney, *Charles R. Sheppard*, Assistant District Attorney, for appellee.