## A95A1362. WHATLEY v. THE STATE.
(462 SE2d 779)

ANDREWS, Judge.

This case is before us on an out-of-time appeal to determine whether the trial court erred in denying a motion to suppress evidence seized under a warrant for electronic surveillance. We hold that it did not.

This is the second appearance of this case in our court and the procedural history is an involved one. On December 9, 1989, Whatley was convicted in the Superior Court of Floyd County of conspiracy to traffick in cocaine, trafficking in cocaine, and illegal use of a communications facility. Whatley appealed the conviction and sentencing. This Court reversed as to conspiracy to traffick in cocaine, but affirmed on the remaining counts. We also determined that Whatley's enumeration of error regarding the trial court's denial of the motion to suppress had been abandoned for failure to cite or argue authority on appeal. *Whatley v. State*, 197 Ga. App. 489 (398 SE2d 807) (1990).

Whatley's trial counsel also represented him on appeal.

On January 11, 1991, Whatley filed a petition for a writ of habeas corpus in the Superior Court of Bibb County, alleging five grounds for relief: (1) the trial court erred and violated Whatley's constitutional rights by improperly charging on constructive and actual possession; (2) counsel was ineffective on appeal; (3) counsel was ineffective at trial; (4) the trial court erred in failing to grant a motion to suppress electronic surveillance evidence; and (5) the evidence did not support the verdict.

On April 23 and May 15, 1991, the habeas court held evidentiary hearings, and on July 17, 1992, the court entered an order holding grounds one, three, and five to be without merit. However, the court granted habeas corpus because it found that counsel was ineffective on appeal based on trial counsel's testimony at the evidentiary hearing that he believed the enumeration of error on appeal regarding the trial court's denial of a motion to suppress electronic surveillance evidence was not worth pursuing. Thus, the habeas court remanded to the trial court to appoint counsel for the appeal on the issue of the trial court's denial of the motion to suppress the electronic surveillance evidence.

On September 22, 1992, the State filed an appeal of the habeas corpus order on the grounds that the habeas court erred in granting an out-of-time appeal to pursue the issue of the trial court's denial of the motion to suppress. The Supreme Court held that the habeas court had no authority to remand to another superior court and thus remanded the case to the habeas court to consider the ineffectiveness of counsel claim. *Jones v. Whatley* (Case No. S92A1499, December 2, 1992).

On September 7, 1994, the case was heard on remand to the habeas court. The court adopted its earlier order of July 17, 1992, in which it concluded that Whatley received ineffective assistance of counsel on appeal. The order stated that if the State did not file an appeal to the Supreme Court within 30 days, Whatley would then be entitled to a direct out-of-time appeal to the Court of Appeals of his conviction and sentence on the issue of the trial court's failure to grant the motion to suppress.

The State did not appeal and on November 3, 1994, Whatley, with new counsel, filed a notice of appeal to the Court of Appeals in the Superior Court of Floyd County, alternatively labeled as a notice of application for an out-of-time appeal, and included a motion for a new trial. Whatley sought authorization to appeal on *all* grounds, not just on the trial court's failure to suppress. On February 1, 1995, the Superior Court of Floyd County issued an order finding that the enumeration regarding ineffectiveness of counsel at trial was res judicata and denied Whatley's motion for a new trial. The court also found

that the habeas court failed to use the proper two-pronged analysis as to the effectiveness of counsel on appeal, but determined that "this court, (the trial court), will not act in derogation of said standing Habeas Court Order and will authorize said appeal 'out-of-time.'" The court further authorized Whatley to file an amended notice of appeal, allowing him "to raise all issues on appeal before the Court of Appeals as may exist on this case including the issue of ineffective assistance of counsel at trial." Accordingly, on February 16, 1995, Whatley filed an amended notice of appeal on all issues.

1. The central issue in this out-of-time appeal is whether the trial court erred in denying Whatley's motion to suppress. Whatley contends that the trial court erred in not granting his motion to suppress because the affidavit upon which the pen register warrant and all the other surveillance and seizure warrants were issued contained false information and, therefore, failed to establish probable cause for the warrant. Specifically, Whatley claims that the statements in the affidavit concerning the confidential informant are false.

"The standard of probable cause for a wiretap authorization is the same as the standard for a regular search warrant." (Citations omitted.) *Ayers v. State*, 181 Ga. App. 244, 248 (351 SE2d 692) (1986). In a search warrant based primarily on information from a confidential informant, the test is whether, given all the circumstances set forth in the affidavit, including the veracity and basis of knowledge of persons supplying the information, there is a fair probability that evidence will be found in a particular place. *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) (1984). Further, the duty of the reviewing court is simply to ensure that the magistrate had a substantial basis for determining probable cause existed. *Stephens*, supra. In situations where the court has determined that the affidavit contains a false statement, the false statement should be deleted, any omitted truthful material should be included, and the affidavit re-examined to determine whether probable cause exists. *Peters v. State*, 213 Ga. App. 488, 489-490 (445 SE2d 290) (1994).

After a review of the evidence submitted, the State's exhibits, and the transcript in the *Cook* case, the trial court determined that the reliability of the informants was properly considered by the Magistrate and was adequately supported by the evidence. The trial court concluded, therefore, that the warrant was supported by probable cause.

"On motion to suppress evidence, the trial judge sits as the trior of the facts, hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it." (Citations omitted.) *Dimick v. State*, 178 Ga. App. 60, 61-62 (341 SE2d 914) (1986). In reviewing the record and the affidavit of Sgt.

Shiflett, we find there was sufficient evidence to support the trial court's denial of the motion to suppress.

Whatley's contention that there was no probable cause to issue the warrant is based on a statement in the affidavit of Sgt. Shiflett stating that the confidential informant giving information had previously provided reliable information used in the arrest and conviction of one Anthony Cook. Whatley claims that the transcript of the Cook case shows that no confidential informant was involved and, therefore, this statement is false. But, it does not follow that the statement is false simply because there is no mention of a confidential informant in the Cook transcript. The state contends that Whatley's trial counsel, who also represented Cook, objected to the introduction of this evidence on the grounds that it was hearsay. The Court sustained that objection, and therefore, there is no mention of the informant in the transcript.

Even assuming this statement to be false and deleting it from the affidavit, there was still probable cause to issue the warrant. Sgt. Shiflett's affidavit is 22 pages of very detailed information gathered from many different sources. The information received from the confidential informant in the Cook case is just one small part of the affidavit taken as a whole. The affidavit also lists information received from another confidential informant in the case. At the suppression hearing, Sgt. Shiflett gave examples of numerous incidences in which he had corroborated information received from informant No. 2 and the information was always reliable. In addition, the affidavit shows that information obtained from other sources, confidential informants Nos. 4 and 5, was also used to establish probable cause.

Thus, for the reasons stated above, we find the Magistrate had a substantial basis of evidence from which to determine probable cause existed. Therefore, there is sufficient evidence to support the trial judge's denial of the motion to suppress.[1] Accordingly, this enumeration of error is without merit.

2. As previously discussed, the Superior Court's order allows Whatley to raise any and all issues in the case in this appeal and does not limit the appeal to the denial of the motion to suppress. However, enumerations of error 2, 4, 5 and 6 have already been considered by this Court and found to be without merit. See *Whatley v. State*, 197 Ga. App. 489 (398 SE2d 807) (1990). Any issue that was raised and resolved in an earlier appeal is the law of the case and is binding on

---

[1] In light of the above and after a careful review of the affidavit, we also affirm the trial court's finding that the Magistrate, in issuing the warrant, complied with the procedural mandates of OCGA § 16-11-64 (b) by determining that Sgt. Shiflett either had personal knowledge of the facts as set out or had been informed of these facts by a reasonably trustworthy source.

this Court. *Moore v. American Suzuki Motor Corp.*, 211 Ga. App. 337, 340 (439 SE2d 43) (1993); *Parker v. State*, 76 Ga. App. 238 (45 SE2d 692) (1947).

3. In enumeration of error 3, Whatley raises the issue of ineffective assistance of trial counsel. The issue of ineffective assistance of trial counsel was decided adversely to Whatley in the habeas court's order of July 17, 1992. The judgment of the habeas court is conclusive on this issue. *Hunter v. State*, 260 Ga. 762 (399 SE2d 921) (1991).

4. In enumeration of error 7, Whatley claims that the trial court erred in admitting into evidence items seized after the dates alleged in the indictment. Whatley contends that since the prosecutor specified certain dates in the indictment he was limited as to proof to those dates. That is not the law in Georgia. "The general rule is that when the exact date of the commission of the crime is not a material allegation of the indictment, the commission of the offense may be proved to have occurred any time within the statute of limitations." (Citations and punctuation omitted.) *Martin v. State*, 196 Ga. App. 145, 146 (395 SE2d 391) (1990). It does not appear, and Whatley does not claim, that the dates listed are material allegations of the indictment. Therefore, the court did not err in admitting into evidence items seized after the dates specified in the indictment.

5. In his eighth enumeration of error, Whatley argues that because several portions of the record have been sealed and are unavailable to his present counsel, there may be errors of law which counsel is unable to discover. Whatley requests either that this Court order the record unsealed so that his counsel may review it for any errors or that this Court review the record and determine whether there was any error of a constitutional magnitude.

We have reviewed the sealed portion of the trial transcript and find no errors of a constitutional magnitude. Further, the record does not show that Whatley's trial counsel objected to any evidence contained in the sealed portions of the record; therefore, no issues have been preserved for appeal. Since the habeas court found that Whatley received effective assistance of counsel at trial, there is nothing for this Court to review.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 29, 1995 —

*Smith, Price & Wright, C. Gregory Price*, for appellant.
*Stephen F. Lanier, District Attorney*, for appellee.