## A03A2452. AKINS v. THE STATE.
(596 SE2d 719)

BARNES, Judge.

James Akins appeals his conviction of possessing cocaine, contending that the trial court erred by denying his motion to suppress. For reasons that follow, we affirm.

A trial judge who hears a motion to suppress sits as the trier of facts. *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994). The judge's decision regarding questions of fact and credibility must be accepted unless clearly erroneous and should not be disturbed by a reviewing court if any evidence supports it. Id. A reviewing court must construe the evidence most favorably to upholding the trial court's findings and judgment. Id.

The evidence presented during the motion to suppress hearing showed that, while on routine patrol, a police officer saw Akins and a female passenger sitting in a car parked beside a private baseball park. The officer saw no activity in the ball park and that the female passenger had a wide-eyed, scared look on her face as he drove past. The officer also thought they looked suspicious because they were "motionless" and "frozen." Concerned about the woman's safety, the officer parked his patrol car, approached her side of the car, asked her to roll her window down, and asked her what was going on. The woman replied that the car was out of gas. Akins denied that they were out of gas and explained that they were just hanging out. Based on these conflicting stories, the officer was still concerned about the woman's safety and, following standard procedure, he asked her to step out of the car and called for back-up. His goal was to separate her from Akins so that he could determine, outside of Akins' presence, whether she was being held against her will.

When the back-up officer arrived, the woman gave three conflicting stories and finally admitted that she was there to provide sex. The back-up officer then talked to Akins and obtained permission to search his car and his person. The officers discovered two crack cocaine rocks on the passenger side of the vehicle and a bag of crack in Akins' mouth.

Akins moved to suppress the evidence on the grounds that the officer's conduct in (1) asking the female passenger to roll down her window, and (2) asking her to step out of the car, were second-tier encounters requiring reasonable suspicion. The trial court denied the motion, finding (1) that the officer's request that the female passenger roll down her window was a first-tier encounter requiring no reasonable suspicion, and (2) that the officer had reasonable suspicion to ask the woman to step out of the car based on the occupants' conflicting stories.

In his only enumeration of error in this appeal, Akins asserts that the trial court should have granted his motion to suppress because the police officer committed two illegal second-tier encounters.

> [United States] Supreme Court holdings sculpt out, at least theoretically, three tiers of police-citizen encounters: (1) communication between police and citizens involving no coercion or detention and therefore without the compass of the Fourth Amendment, (2) brief seizures that must be supported by reasonable suspicion, and (3) full-scale arrests that must be supported by probable cause.

(Citations and punctuation omitted.) *McAdoo v. State*, 164 Ga. App. 23, 26 (1) (295 SE2d 114) (1982).

> In the first [tier], police officers may approach citizens, ask for identification, and freely question the citizen without any basis or belief that the citizen is involved in criminal activity, as long as the officers do not detain the citizen or create the impression that the citizen may not leave. The second tier occurs when the officer actually conducts a brief investigative *Terry* stop of the citizen. In this level, a police officer, even in the absence of probable cause, may stop persons and detain them briefly, when the officer has a particularized and objective basis for suspecting the persons are involved in criminal activity.

(Citations and punctuation omitted.) *McClain v. State*, 226 Ga. App. 714, 716 (1) (487 SE2d 471) (1997). A Fourth Amendment seizure "only occurs when, in view of all the circumstances surrounding the incident, a reasonable person believes that he is not free to leave." *State v. Folk*, 238 Ga. App. 206, 207 (521 SE2d 194) (1999).

1. Akins contends the first illegal second-tier seizure happened when the officer asked the female passenger to roll down her window. Pretermitting whether Akins has standing to raise this issue, "[i]t is well established that an officer's approach to a stopped vehicle and inquiry into the situation is not a 'stop' or 'seizure' but rather clearly falls within the realm of the first [tier] of police-citizen encounter." (Citation and punctuation omitted.) *Stokes v. State*, 238 Ga. App. 230, 232 (518 SE2d 447) (1999). In this case, the officer asked the woman to roll down her window in order to talk to her and determine her well-being. No evidence exists that he ordered her to do so in a manner that would have made a reasonable person in her position believe she was not free to leave. As a result, the trial court properly concluded that this was a first-tier encounter requiring no articulable

suspicion of criminal activity. See *State v. Folk,* supra, 238 Ga. App. at 207-208 (holding trial court erred by concluding that officer's approach of vehicle to ask what occupants were doing was an impermissible seizure); *Walker v. State,* 228 Ga. App. 509, 510 (1) (493 SE2d 193) (1997) (police may approach a parked vehicle merely to inquire of the occupant's well-being).

Akins cites *State v. Smith,* 137 Ga. App. 101 (223 SE2d 30) (1975) for the proposition that "an officer may not restrain movement by means of any physical force or show of authority or instruct a citizen to roll down his window or open a car door." We held in *Smith* that

> By instructing the defendant to either roll down his window or open the door, the police officer "seized" the defendant within the meaning of the Fourth Amendment. To justify such intrusion, the state has to produce evidence of articulable facts which give rise to a suspicion that the law has been violated. Although this suspicion need not meet the standard of probable cause, it must be more than mere caprice or a hunch or an inclination.

*Id.* at 102. We have distinguished *Smith* in subsequent cases by holding that "an order or instruction to roll down a car window or open a car door may constitute physical force or a show of authority sufficient to constitute a 'seizure.'" *Stokes v. State,* supra, 238 Ga. App. at 233; see also *Hutto v. State,* 259 Ga. App. 238 (576 SE2d 616) (2003). But *Smith* confuses first tier police-citizen interactions, which require no articulable suspicion, with second tier police-citizen interactions, which do require such a suspicion. We therefore overrule *Smith,* because police officers may approach a citizen, ask for identification, ask him to roll down a window or step out of a car, and freely question him without any articulable suspicion, as long as the officers do not detain the citizen or create the impression that the citizen may not leave. *McClain v. State,* supra, 226 Ga. App. at 716.

In this case, the officer saw a man and a woman sitting motionless in a parked car in an area where someone had previously committed suicide. Our law allows the officer to talk to the couple to determine if they were all right, and merely asking the passenger to roll down her window did not amount to a seizure for Fourth Amendment purposes.

2. Akins asserts the other illegal second-tier seizure occurred when the officer asked the female passenger to step out of the car. We need not determine whether this was a first- or second-tier encounter, because reasonable, articulable suspicion of criminal activity supported the officer's request. In *Anderson v. State,* 261 Ga. App. 657,

659 (583 SE2d 511) (2003), we held that a police officer had reasonable suspicion to ask the defendant to step out of his car because the occupants of the car acted very nervous and gave conflicting accounts about their travel itinerary.

The facts of this case are very similar. The female passenger appeared scared when the officer drove past and her story directly contradicted that of Akins. The trial court correctly concluded that reasonable suspicion supported the officer's request and we affirm its denial of Akins' motion to suppress.

*Judgment affirmed. Smith, C. J., Andrews, P. J., Johnson, P. J., Blackburn, P. J., Ruffin, P. J., Eldridge, Miller, Ellington, Phipps, Mikell and Adams, JJ., concur.*

DECIDED MARCH 11, 2004.

*Vernon H. Smith*, for appellant.

*Robert E. Keller, District Attorney, Staci L. Guest, Assistant District Attorney*, for appellee.