## A06A0635. MAUGE v. THE STATE.
### (630 SE2d 174)

ELLINGTON, Judge.

Following a bench trial, the Superior Court of DeKalb County found Marlon Shawn Mauge guilty beyond a reasonable doubt of one count of possession of marijuana with intent to distribute and one count of possession of more than an ounce of marijuana, OCGA § 16-13-30 (b), (j). Mauge appeals, contending the trial court erred in denying his motion to suppress all evidence seized from him by law enforcement officers. We disagree and affirm.

"When we review a trial court's decision on a motion to suppress, the evidence is construed most favorably to uphold the findings and judgment of the trial court; the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them." (Citation and punctuation omitted.) *State v. Mauerberger*, 270 Ga. App. 794, 795 (608 SE2d 234) (2004). "[W]here the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review." (Citations omitted.) *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

Viewed in a light most favorable to the trial court's findings, the evidence adduced at the hearing on motion to suppress shows the following. On the evening of May 11, 2005, two investigators had an arrest warrant for Mauge's brother Marc. The investigators spoke with the victim, who suggested that Marc might be found at his

parents' house. The investigators went to the address indicated by the victim, where they found a car parked in the driveway. The car was a rental vehicle, and the victim had told the investigators that Marc frequently rented cars. After the investigators entered the yard with the intent of knocking on the front door, they noticed that a man, who they later identified as Mauge, was asleep in the driver's seat of the parked car.

One of the investigators knocked on the car window, and Mauge woke up. The investigator identified himself as a member of the DeKalb County Sheriff's Office and asked Mauge to get out of the car. When Mauge opened the door, the investigators could smell a strong odor of marijuana, and they also saw a bag containing a green, leafy substance sitting on Mauge's lap, which then fell onto the seat as he exited the vehicle.

The investigators asked Mauge for his name, Mauge responded with a name that "sounded like . . . Marc Mauge," and the officers handcuffed him. When the investigators told Mauge that they had a warrant for his arrest, Mauge said that his name was "Marlon Mauge" and that his identification was in the car. An investigator retrieved a black bag from the passenger's seat, "to look at [Mauge's] I. D. to make sure that his name was Marlon and not Marc." The investigator looked inside the bag, where he found more marijuana. The investigators eventually found Mauge's driver's license in the car underneath the stereo and determined that he was not the man named in the arrest warrant. By that time, however, they had decided to charge Mauge with possession of marijuana.

Mauge contends that the trial court erred in denying his motion to suppress because the investigators had no justification for intruding into Mauge's driveway, awakening him, directing him to get out of the car, handcuffing him, questioning him, and then searching his car. We disagree.

"The Fourth Amendment protects a defendant who can show that he or she had an expectation of privacy in the area searched which society recognizes as reasonable." (Citation omitted.) *Floyd v. State*, 237 Ga. App. 586, 587 (516 SE2d 96) (1999). Mauge was asleep in a car in a private driveway, but the investigator who saw Mauge was headed to the front door of the house. Police may walk to the door of a residence "on the same route as would any guest, deliveryman, postal employee, or other caller." *State v. Nichols*, 160 Ga. App. 386 (287 SE2d 53) (1981). Under the circumstances, the investigator was entitled to initiate a "first-tier" encounter with Mauge by approaching the parked car and asking him to step out. See *Carrera v. State*, 261 Ga. App. 832, 834 (584 SE2d 2) (2003) (officer's approach to a vehicle parked in a driveway was "not a stop or seizure but rather

clearly [fell] within the realm of the first type of police-citizen encounter") (citations and punctuation omitted).

"[P]olice officers may approach a citizen, ask for identification, ask him to roll down a window or step out of a car, and freely question him without any articulable suspicion, as long as the officers do not detain the citizen or create the impression that the citizen may not leave." (Citation omitted.) *Akins v. State*, 266 Ga. App. 214, 216 (1) (596 SE2d 719) (2004). "The first tier provides no Fourth Amendment protection." (Citation and punctuation omitted.) *State v. Beasley*, 270 Ga. App. 638, 639-640 (607 SE2d 245) (2004). Accordingly, when the investigator asked Mauge to step out of the car, Mauge's Fourth Amendment rights had not yet been implicated.

As Mauge was exiting the car, the investigators smelled marijuana and saw marijuana in plain view on Mauge's lap. "The plain view doctrine will support a warrantless search and seizure if the agents are lawfully in position to obtain the view, the discovery is inadvertent, and the object viewed is immediately seen to be incriminating." (Citation and punctuation omitted.) *State v. Webb*, 193 Ga. App. 2, 4 (2) (386 SE2d 891) (1989). Since the investigators were lawfully on the property, were authorized to initiate a first-tier encounter, and saw the suspected marijuana in plain view as an inadvertent consequence of Mauge opening the door to the car, the investigators had probable cause to arrest Mauge for marijuana possession and to search the car for contraband. See, e.g., *State v. Hodges*, 184 Ga. App. 21, 24-25 (360 SE2d 903) (1987). Incident to the arrest, the investigators were also authorized to search "the entire passenger compartment of the automobile and any closed containers therein." (Citation and punctuation omitted.) *State v. Howard*, 264 Ga. App. 691, 694 (592 SE2d 88) (2003). In addition, the investigators had probable cause to detain Mauge until they could ascertain he was not the person named in the arrest warrant. "The existence of probable cause must be measured by current knowledge, i.e., at the moment the arrest is made and not hindsight." (Citation and punctuation omitted.) *Harvey v. State*, 266 Ga. 671, 673 (469 SE2d 176) (1996). Accordingly, the trial court properly denied Mauge's motion to suppress. See *State v. Webb*, 193 Ga. App. at 5 (3).

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED APRIL 19, 2006.

*Herbert Shafer*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Lamont A. Belk, Leonora Grant, Assistant District Attorneys*, for appellee.