## A08A0053. OLDFIELD v. THE STATE.
### (662 SE2d 243)

BARNES, Chief Judge.

After a bench trial, James Brandon Oldfield was convicted of possessing cocaine and a drug-related object. Oldfield appeals, arguing that the trial court erred in denying his motion to suppress. For reasons that follow, we affirm.

On appeal from the denial of a motion to suppress, we construe the evidence " 'most favorably to uphold[ing] the findings and judgment of the trial court.' " (Citation omitted.) *Mauge v. State*, 279 Ga. App. 36 (630 SE2d 174) (2006). We review de novo the application of law to undisputed facts, but the trial court's factual determinations will not be disturbed if supported by any evidence. Id.

So viewed, the record shows that on August 14, 2005, an officer with the Savannah Chatham Metropolitan Police Department observed Oldfield and a female standing behind a truck parked in a parking lot within the Savannah city limits. An open bottle of beer was on the truck bumper. Concluding that the presence of an open container violated a Savannah city ordinance, the officer approached Oldfield and his companion to issue a citation.

As the officer spoke with them, a third individual unexpectedly got out of the truck. The officer talked briefly with that man, then looked through the truck window to determine whether anyone else was in the vehicle. At that point, he observed another open bottle of beer in a truck cup holder. The officer entered the truck to remove the bottle and dispose of the beer. While inside, he saw a glass marijuana pipe in an ashtray near the cup holder, as well as a rolled-up $20 bill and a plastic frisbee containing white powder on the floorboard.

Based on his training and experience, the officer suspected that the white powder was cocaine and that the $20 bill had been used to "snort it" out of the frisbee. The officer then noticed white powder residue in the nostrils of Oldfield and the others. At that point, the officer arrested them for possession of drug-related objects and a controlled substance.

Incident to those arrests, the officer searched the truck and discovered a bag containing white powder, suspected marijuana residue in an eyeglass case, several broken pills, and a digital scale that appeared to have marijuana and cocaine residue on it. The police seized the items, and the white powder found in the truck later

tested positive for cocaine.

Before trial, Oldfield moved to suppress all evidence seized by police, arguing that the officer improperly searched the truck. The trial court concluded that the officer legally entered the vehicle and denied the motion. We find no error.

Oldfield argues — and the State apparently concedes — that violation of the city open container ordinance did not authorize a custodial arrest. Oldfield thus claims that the officer had no right to search the truck "incident" to any such "arrest." Pretermitting whether Oldfield is correct in this regard, the officer had another basis for entering the vehicle.

The officer was lawfully standing outside the truck — in a position where any passerby might have stood — when he observed an open, partially-filled beer bottle inside the vehicle. See *Dimick v. State*, 178 Ga. App. 60, 61 (1) (341 SE2d 914) (1986) (officer authorized to peer through window of vehicle in restaurant parking lot). As noted by the officer, a city ordinance makes it "unlawful for any person to consume any alcoholic beverages while in the confines of a motor vehicle when the vehicle is parked on any city street, alley, way or parking lot." Another provision outlaws "drink[ing] or attempt[ing] to drink any alcoholic beverage from a . . . bottle . . . or . . . possess[ing] in an open . . . bottle . . . any alcoholic beverage on the streets, sidewalks, rights-of-way, and parking lots, whether public or private."

We agree with the trial court that, given these ordinance provisions, the officer reasonably believed that the open beer bottle was contraband or evidence of a crime. See Black's Law Dictionary, at 317 (7th ed. 1979) (defining "contraband" as "[g]oods that are unlawful to import, export, or possess"). Such belief gave the officer probable cause — and authority — to enter the vehicle and confiscate the bottle. See *Glenn v. State*, 285 Ga. App. 872, 874-875 (648 SE2d 177) (2007); *Cole v. State*, 282 Ga. App. 211, 213 (1) (638 SE2d 363) (2006); see also *Somesso v. State*, 288 Ga. App. 291, 292-293 (2) (a) (653 SE2d 855) (2007) ("If a car is readily mobile and probable cause exists to believe that it contains contraband, the Fourth Amendment does not preclude law enforcement officers from searching the car.") (footnote omitted). Accordingly, the initial entry was justified.

Once properly inside the vehicle, the officer was permitted to confiscate other suspected contraband that he saw in plain view. The officer testified that, based on his training and experience, he concluded that several items visible in the truck — the glass pipe, rolled $20 bill, and residue-laden frisbee — were drug-related objects. Under these circumstances, seizure of the items was appropriate. See *Glenn*, supra, 285 Ga. App. at 875-876.

After these discoveries, the officer arrested Oldfield and his companions for drug offenses. Incident to such arrests, the officer was "authorized to search 'the entire passenger compartment of the automobile and any closed containers therein.' " (Citation omitted.) *Mauge*, supra, 279 Ga. App. at 38. It follows that the subsequent vehicle search, and resulting seizure of suspected drugs, drug residue, and digital scales, was legal. See id.

The record shows that the officer legally entered the vehicle, seized contraband in plain view, and searched the truck after arresting Oldfield and the others. The trial court, therefore, properly denied Oldfield's motion to suppress.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MAY 7, 2008.

*Gillen, Parker & Withers, Thomas A. Withers, Steven E. Scheer*, for appellant.

*Spencer Lawton, Jr., District Attorney, Ann M. Elmore, Assistant District Attorney*, for appellee.

