## 75765. MECALE v. THE STATE.
### (367 SE2d 52)

BANKE, Presiding Judge.

Mecale filed this appeal from the denial of his motion for new trial after being found guilty of trafficking in cocaine and obstructing an officer.

The appellant was a passenger in a rented automobile being driven by the lessee, Robert Hugh Beggs. As the two men were traveling north on Interstate 75, a Georgia state patrolman observed the vehicle "weaving" in and out of its lane of traffic. Suspecting that the driver might be intoxicated, the trooper directed him to pull over to the side of the road. Beggs exited the car and, at the trooper's request, produced his driver's license and a rental agreement. Observing no further indications that Beggs was under the influence of alcohol, the trooper advised him that he intended to issue him a warning ticket ' for weaving. However, observing that Beggs appeared extremely nervous, he then asked him whether he was carrying any contraband or if he was "wanted" anywhere. Beggs replied "no" to both questions; but, admittedly acting on a hunch, the trooper nevertheless asked for permission to look inside his vehicle. Beggs agreed, whereupon the trooper prepared a written "consent to search" form, designating "VGCSA" as the justification for the search.

Beggs signed the form, and the trooper then asked him for the keys to the vehicle. Beggs responded by leaning inside the car and exchanging some words with the appellant, who was still seated in the front passenger seat. At this time the trooper observed the appellant remove the keys from the ignition and hand something to Beggs, who in turn gave the trooper a single key to the ignition. The trooper then asked for the trunk key, whereupon Beggs responded that he had not been given one at the rental agency.

At this time, the appellant was ordered to exit the car and to produce some identification. After searching the appellant's pockets in an unsuccessful attempt to locate the trunk key, the trooper assured him that he intended to "find out what was in the trunk," whereupon the appellant attempted unsuccessfully to flee. He was then arrested for obstructing an officer and was taken, along with Beggs and the vehicle, to the police station, where the vehicle's trunk was opened by a locksmith. The ensuing warrantless search of the trunk resulted in the seizure of a quantity of cocaine from inside a canvas bag.

Both Beggs and the appellant moved to suppress the cocaine. Beggs' motion was granted, but the trial court denied the appellant's motion based on a determination that he had no standing to challenge the search because he had no possessory or proprietary interest in the rental car. The appellant's sole enumeration of error on appeal is directed to this ruling. *Held*:

A defendant may challenge the validity of a search and seizure and claim the benefits of the exclusionary rule only if his own Fourth Amendment rights have been violated. *United States v. Salvucci*, 448 U. S. 83, 85 (100 SC 2547, 65 LE2d 619) (1980). In *Rakas v. Illinois*, 439 U. S. 128 (99 SC 421, 58 LE2d 387) (1978), the Supreme Court

held that passengers occupying an automobile could not invoke the protections of the Fourth Amendment with respect to a search of the vehicle where they "asserted neither a property nor a possessory interest in the automobile, nor an interest in the property seized." Id. 439 U. S. at 148. Accord *McGhee v. State*, 253 Ga. 278, 279 (319 SE2d 836) (1984).

It is undisputed in the present case that the appellant, as a mere passenger, had no property or possessory interest in the rented automobile. He asserts, however, that his conduct nevertheless established that he entertained a legitimate expectation of privacy with respect to the trunk of the vehicle. We disagree and, based on the foregoing authorities, hold that the trial court correctly determined that the appellant lacked standing to object to the lawfulness of the search and seizure.

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED FEBRUARY 10, 1988 —
REHEARING DENIED MARCH 9, 1988.

*Thomas C. Garwood*, for appellant.
*Willis B. Sparks III, District Attorney, Phil Wiley, Kimberly S. Shumate, Wayne G. Tillis, Assistant District Attorneys*, for appellee.