## A90A1657. JACKSON v. THE STATE.

(397 SE2d 737)

McMurray, Presiding Judge.

Defendant was indicted for possession of cocaine. The evidence adduced at a motion to suppress hearing revealed the following:

Officer G. H. Watkins of the DeKalb County Police Department, an experienced drug enforcement officer, was assigned to patrol a "well-known drug area" on January 11, 1990. Officer Watkins was alone, he "was on foot" and he was wearing a uniform.

Officer Watkins moved into an area of high pedestrian traffic, he concealed himself "in some bushes . . ." and he began a surveillance so as "[t]o find anybody selling dope or basically in possession of it." With the aid of binoculars, the officer soon "saw two males walking, in dark clothing, [and] one of the subjects had in his hand what appeared to be a hit of crack [cocaine]." More specifically, the officer, who was then about "25 or 30 yards" from the suspects, observed one suspect display what appeared to be crack cocaine while walking very closely to the other suspect. Officer Watkins "immediately crouched back down behind the bushes because [the suspects] were walking toward [him. The officer] waited until they passed . . . and [he] stopped both of them, leaned them against the wall [and] patted them down." Officer Watkins found "crack cocaine . . ." in defendant's jacket pocket. He found "a small amount of powder cocaine" in the other man's pants pocket.

After the close of evidence, the trial court found probable cause for defendant's arrest and denied the motion to suppress. This appeal followed defendant's conviction for possession of cocaine. *Held*:

In his sole enumeration, defendant contends the trial court "erred in denying [his] Motion to Suppress . . . in that a) there was no articulable suspicion justifying a stop and b) the ensuing 'pat down' exceeded the scope of a constitutionally permitted *Terry* [*v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889),] stop."

"An arrest without warrant, under both the United States Constitution, Articles IV and XIV, and the Constitution of Georgia of 1983, Art. I, Sec. I, Par. XIII, ' "is constitutionally valid if, at the moment the arrest is made, the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the accused had committed or was committing an offense." ' *Wright v. State*, 189 Ga. App. 441, 443 (375 SE2d 895); accord *Burroughs v. State*, 190 Ga. App. 467 (2) (a) (379 SE2d 175)." *Newsome v. State*, 192 Ga. App. 846, 847 (2) (386 SE2d 887).

In the case sub judice, Officer Watkins testified that he did not notice if defendant was the suspect holding the packaged crack cocaine before the arrest. However, the officer explained that he sus-

pected the suspects to be involved in an illegal drug transaction because one of the suspects displayed crack cocaine as they were walking very closely together in a "well-known drug area." We find this evidence sufficient to authorize probable cause for a belief that both defendant and his confederate were involved in an illegal drug transaction before their arrest. Consequently, the search of defendant was authorized as incident to a lawful arrest. See *State v. Billoups*, 191 Ga. App. 834, 835 (383 SE2d 198). The trial court did not err in denying defendant's motion to suppress.,

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED OCTOBER 3, 1990.

*Corrine Mull-Milsteen*, for appellant.

*Robert E. Wilson, District Attorney, Barbara B. Conroy, Desiree L. Sutton, J. Michael McDaniel, Assistant District Attorneys*, for appellee.