## A99A0668. FLOYD v. THE STATE.
### (516 SE2d 96)

BLACKBURN, Presiding Judge.

Booker Floyd appeals the trial court's denial of his motion in limine and motion to suppress evidence obtained in a search of a motel room. Floyd was convicted of two counts of violating the Georgia Controlled Substances Act, following a bench trial. We affirm because Floyd had no standing to object to the search of a motel room in which he was merely visiting and had no expectation of privacy.

> In reviewing a trial court's denial of a motion to suppress, we are required to accept such court's ruling on disputed facts unless it is clearly erroneous[, and] we must defer to the trial court's judgment on the credibility of witnesses. Furthermore, the evidence is to be construed most favorably to the upholding of the findings and judgment made.

(Citation and punctuation omitted.) *Cates v. State*, 232 Ga. App. 262, 263 (501 SE2d 262) (1998).

Construing the evidence most favorably to the judgment of the trial court,[1] Officer Morrison and Officer Short of the DeKalb County

---

[1] The trial court held an evidentiary hearing on the motion to suppress. At the bench trial the parties stipulated to the evidence heard at the motion to suppress.

Police Department went to the Super 8 Motel around 10:00 p.m. to investigate drug activity there. As they pulled into the parking lot, they saw Floyd standing in the open door of room 109. When Floyd saw the officers, he shut the door and peered through the window of the motel room. Officer Morrison knocked on the door of room 109, and, after a minute, Floyd's brother answered the door. When the door was opened, the officers smelled marijuana. Floyd was coming out of the bathroom with an item in his hand which he tossed back into the bathroom. Officer Morrison crossed the threshold[2] and went into the bathroom where he found a cigarette pack and some cocaine. The officers also found drug paraphernalia in the room.

Neither Floyd nor his brother was a registered guest at the motel. The room had been rented by a woman, but she was not in the room at the time. Floyd testified that the room was not his or his brother's, and he was there just to visit.

Floyd contends that the trial court erred by finding that he had no expectation of privacy in the motel room and, therefore, did not have standing to challenge the search. The Fourth Amendment right against unreasonable search and seizure is a personal right, so a defendant may challenge the legality of a search only where his or her own rights were violated. *Robinson v. State*, 226 Ga. App. 406, 408 (2) (486 SE2d 667) (1997); see *Rakas v. Illinois*, 439 U. S. 128, 132-133 (99 SC 421, 58 LE2d 387) (1978). The Fourth Amendment protects a defendant who can show that he or she had an expectation of privacy in the area searched which society recognizes as reasonable. *Minnesota v. Olson*, 495 U. S. 91 (110 SC 1684, 109 LE2d 85) (1990). Thus, the trial court properly focused on whether Floyd had a reasonable expectation of privacy in the motel room searched. See *Robinson*, supra.

The trial court found that Floyd had no reasonable expectation of privacy in the motel room because he was a transient visitor to the room. We agree. A defendant does not have a reasonable expectation of privacy in the premises of another where the defendant is a transient visitor who has no ownership or possessory interest. Thus, in *Moody v. State*, 232 Ga. App. 499, 504 (4) (a) (502 SE2d 323) (1998), the defendant who was briefly visiting an acquaintance's apartment had no expectation of privacy and could not challenge the legality of a search of the apartment. Likewise, in *Crisp v. State*, 195 Ga. App. 786 (1) (395 SE2d 47) (1990), the defendant did not have standing to challenge the search of two different hotel rooms where he was not a registered guest and just happened to be present when the searches

---

[2] It was disputed whether Floyd's brother gave consent to Officer Morrison to search the room. The trial court did not reach this issue, so it is not an issue on appeal.

were conducted. See *Cherry v. State*, 230 Ga. App. 443, 445 (2) (496 SE2d 764) (1998) (visitor to restaurant had no standing to object to search of restaurant); *Duque v. State*, 228 Ga. App. 391, 392 (1) (491 SE2d 841) (1997) (visitor to apartment had no reasonable expectation of privacy in apartment searched); *Delgado v. State*, 192 Ga. App. 356 (384 SE2d 680) (1989) (visitor to hotel room who knocked on door while search was being conducted lacked standing to object to search of room).

The evidence shows that Floyd lacked a reasonable expectation of privacy in the motel room. Floyd testified that he had not rented the motel room and that it belonged to another person. He was not staying in the room, and he had only been visiting for a few minutes. He had no right of possession or interest in the motel room.

Floyd argues that one has a legitimate expectation of privacy as a guest in another's home, citing to *State v. Brown*, 212 Ga. App. 800 (442 SE2d 818) (1994). However, the facts of *Brown* are distinguishable. The defendant in *Brown* was more than a transient visitor. In that case, the defendant was a regular social guest at the apartment which was searched. He had left possessions there and had spent the night on various occasions. At the time of the search, he was visiting with the hostess and her friends. "This sort of visiting is 'a longstanding social custom that serves functions recognized as valuable by society.' *Minnesota v. Olson*, supra at 98." Id. at 803. See *Minnesota v. Olson*, supra (an overnight houseguest had a reasonable expectation of privacy in the hostess' home); *Jones v. United States*, 362 U. S. 257 (80 SC 725, 4 LE2d 697) (1960) (an overnight guest in an apartment had a reasonable expectation of privacy in the apartment). The trial court did not err in finding that Floyd, as a transient visitor to the room, had no expectation of privacy and therefore lacked standing to challenge the search of the premises.

*Judgment affirmed. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 9, 1999.

*Corinne M. Mull*, for appellant.
*J. Tom Morgan, District Attorney, Barbara B. Conroy, Noah H. Pines, Assistant District Attorneys*, for appellee.