A00A0309. THE STATE v. JACKSON.
(533 SE2d 433)

ANDREWS, Presiding Judge.

The State appeals from the trial court's order granting Michael Jackson's motion to suppress evidence. Because the trial court's order

---

is based on an incorrect statement of the law, we reverse and remand.

The trial court erred when it held that *Robinson v. State*, 226 Ga. App. 406 (486 SE2d 667) (1997), stood for the proposition that standing was not addressed until after it is determined whether the investigatory stop was proper. In *Robinson*, this Court first concluded that the *Terry* stop of the automobile was proper because it was based on articulable suspicion. As the owner and driver of the car, Robinson clearly had standing to object to the *Terry* stop. The court then addressed the next issue, whether the pat-down and search of the jacket that the passenger was wearing were proper. We concluded that Robinson had no standing to object to the search of the passenger. Id. at 409. The stop of the car and the search of the passenger were two separate issues before the court.

In reviewing a ruling on a motion to suppress, the threshold question is whether the defendant has standing to challenge the seizure of the evidence. *Lewis v. State*, 233 Ga. App. 560, 561 (504 SE2d 732) (1998). As the United States Supreme Court held in *Rakas v. Illinois*, 439 U. S. 128 (99 SC 421, 58 LE2d 387) (1978), Fourth Amendment rights are personal in nature and may be enforced only at the instance of the person whose protection was infringed by the search and seizure. Id. at 138.

Therefore, because a defendant may challenge the legality of a search only where his or her own rights were violated, the trial court erred in holding that it would not address this issue. Accordingly, this case is reversed and remanded to the trial court for action consistent with this opinion.

*Judgment reversed and case remanded. Ruffin and Ellington, JJ., concur.*

DECIDED MARCH 31, 2000.

*J. Tom Morgan, District Attorney, Kevin N. Levitas, Assistant District Attorney,* for appellant.
*Willice D. Magee,* for appellee.