## A03A2014. SMITH v. THE STATE.
(591 SE2d 443)

JOHNSON, Presiding Judge.

This appeal from a criminal conviction challenges evidentiary rulings made by the trial court. The challenges are without merit, so we affirm the conviction.

On January 23, 2002, a police sergeant assigned to a drug investigations unit received a telephone call from an informant who had previously provided reliable information which had led to several arrests. The informant told the sergeant that he had seen several young males selling crack cocaine from the back porch of the residence at 20 Roosevelt Street in Cartersville. The sergeant was familiar with the address, having previously made drug arrests there.

After receiving the tip, the sergeant and another drug investigator drove by the residence and saw several young males on the back porch. The officers parked their car and walked to the back porch. There, they found Chadwick Smith, Jacobi Wilkey, and Antonio Ledbetter sitting on the porch with two opened and half-empty bottles of beer, one of which was sitting next to Smith's right foot. The officers were familiar with Smith, Wilkey, and Ledbetter, and knew that they were younger than the legal drinking age of 21.

The officers stood at the bottom of the steps leading up to the porch and asked Smith, Wilkey, and Ledbetter about the alcohol. After less than a minute of questioning, Smith and Wilkey tried to flee on foot. The sergeant immediately grabbed Smith, who made a fist and drew back his arm to hit the officer. Before Smith could strike him, the other officer intervened, and they forced Smith to the ground. During the struggle, the officers saw Smith pull an M & M candy container out of his pants pocket, dump pieces of crack cocaine from the container onto the ground, and try to crush other pieces of crack with his hand. The officers were able to subdue Smith and recover several pieces of crack cocaine.

In the meantime, a third officer apprehended Wilkey a few blocks from the residence. Wilkey was found to be in possession of an Advil pill bottle containing 48 pieces of crack cocaine, marijuana, and $247 in cash.

Smith and Wilkey were jointly indicted for possession of cocaine with intent to distribute and possession of alcohol by underage persons. Smith was further charged with hindering law enforcement officers, while Wilkey was charged with additional drug offenses. Smith pled not guilty to the charges and was tried before a jury without Wilkey. The jury found Smith guilty of possessing cocaine with intent to distribute and hindering law enforcement officers, but not guilty of possession of alcohol by an underage person. The trial court

sentenced Smith to serve five years in confinement followed by ten years on probation. Smith appeals.

1. Smith claims the trial court should have granted his motion to suppress evidence of drugs because the information provided by the confidential informant did not give the officers probable cause to approach Smith. The claim is without merit because the officers did not need probable cause to approach Smith.

> Supreme Court holdings sculpt out, at least theoretically, three tiers of police-citizen encounters: (1) communication between police and citizens involving no coercion or detention and therefore without the compass of the Fourth Amendment, (2) brief seizures that must be supported by reasonable suspicion, and (3) full-scale arrests that must be supported by probable cause. Under the first tier, a police officer may approach an individual and ask a few questions without triggering Fourth Amendment scrutiny.[1]

In the instant case, the officers' initial contact with Smith was a first-tier encounter that involved no coercion or detention. Rather, the officers simply approached the porch where Smith and others were sitting and asked them questions about open beer bottles near them. Because this encounter involved only communication between the officers and Smith, with no coercion or detention, it fell outside the compass of the Fourth Amendment.[2]

The encounter escalated to something more than mere communication, not by the officers' actions but by the actions of Smith and Wilkey, who attempted to run from the scene. At a minimum, the officers then had reasonable suspicion of criminal activity which justified the brief seizure of Smith based on his flight, the information about drug sales from a reliable informant, and the officers' own observation of the underage Smith in apparent possession of alcohol.[3] And during that lawful seizure, the officers acquired the probable cause required for a full-scale arrest when they saw Smith pull cocaine out of his pants pocket and attempt to dispose of it.[4]

At each stage of the encounter, the police acted properly. The evidence discovered as a result of the officers' lawful actions was admissible. And the trial court therefore committed no error in denying Smith's motion to suppress.

---

[1] (Footnote omitted.) *Higdon v. State*, 261 Ga. App. 729, 735 (b) (583 SE2d 556) (2003).
[2] See *Williams v. State*, 249 Ga. App. 119, 121 (1) (a) (547 SE2d 395) (2001).
[3] *Higdon*, supra.
[4] See *Jackson v. State*, 197 Ga. App. 154 (397 SE2d 737) (1990).

2. Smith complains that the court improperly allowed irrelevant and prejudicial evidence of the drugs and money found on Wilkey. The state, however, indicted Smith and Wilkey together, accusing them jointly of possessing cocaine with intent to distribute. Because the state's accusation and theory at trial were that Smith and Wilkey were distributing drugs together, evidence about the drugs and money found in the possession of Smith's co-indictee was relevant and admissible to show their joint operation.[5]

The admission or exclusion of evidence objected to on the ground of relevance rests in the sound discretion of the trial court, and the court's ruling will not be disturbed absent an abuse of that discretion.[6] Here, the trial court did not abuse its discretion in finding the evidence in question to be admissible.

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED DECEMBER 3, 2003.

*James E. Goad*, for appellant.
*T. Joseph Campbell, District Attorney, Rosemary G. Heidmann, Assistant District Attorney*, for appellee.

---

[5] See generally *Jackson v. State*, 252 Ga. App. 268-269 (1) (555 SE2d 908) (2001) (evidence supported defendant's conviction for possession of cocaine with intent to distribute where it showed, among other things, co-defendant's cocaine possession).

[6] *Thrasher v. State*, 261 Ga. App. 650, 653 (5) (583 SE2d 504) (2003).