## A04A0821. THE STATE v. BEASLEY.
### (607 SE2d 245)

ADAMS, Judge.

The state appeals the trial court's grant of William Loren Beasley's motion to suppress all evidence that led to his citations for possession of alcohol by a minor and fraudulent use of a driver's license.

In reviewing the grant of Beasley's motion to suppress, we construe the evidence most favorably to uphold the findings and judgment of the trial court. *King v. State*, 267 Ga. App. 546 (600 SE2d 647) (2004). At the suppression hearing, Officer Hogue of the Glynn County Police testified that on November 2, 2002, he went to a bar in St. Simons to check whether it was "letting underage people in to drink." After he arrived, he saw Beasley inside the bar. Officer Hogue testified that Beasley appeared to be intoxicated and looked "pretty young." The officer never observed Beasley drinking, nor did he have any recollection of seeing a drink container in Beasley's hand.

Officer Hogue approached Beasley and asked if he had consumed any alcohol. He said that he could smell a strong odor of alcohol on Beasley's breath, and the officer asked Beasley if he were 21 years old. Beasley replied that he was 21 and, in response to Officer Hogue's request for identification, produced his brother's driver's license, which showed an age over 21. Because Officer Hogue did not believe that the picture on the license was Beasley's picture, he continued to talk to him. Beasley later admitted that the license belonged to his brother and that he was under 21 years old. The officer allowed Beasley to step outside the bar, where he issued him the citations.

Officer Hogue had no notes from this incident, which occurred more than a year before the suppression hearing. The officer could not recall what Beasley was wearing that night, whether other people were with him or whether Beasley's brother was present.

In granting the motion to suppress, the trial court found that Officer Hogue "had no distinct recollection of the events of November 2, 2002 concerning [Beasley's] actions which could support a finding of probable cause of criminal activity." The court also found that the officer testified as to the condition of intoxicated persons generally, not the specific appearance of Beasley that night. After noting that the officer did not see Beasley either holding a drink or consuming alcohol, the court found that he had no probable cause to stop Beasley and ask for identification.

But a police officer does not need probable cause to support every interaction with the public. In a first tier police-citizen encounter, a police officer may approach a citizen, "ask for identification, and freely question the citizen without any basis or belief that the citizen is involved in criminal activity, as long as the [officer does] not detain the citizen or create the impression that the citizen may not leave." (Citation omitted.) *Akins v. State*, 266 Ga. App. 214, 215 (596 SE2d 719) (2004). The first tier "provides no Fourth Amendment protection." (Citation and punctuation omitted.) *Carrera v. State*, 261 Ga. App. 832, 833 (584 SE2d 2) (2003). A second tier police-citizen

encounter also does not require probable cause, but only "a particularized and objective basis for suspecting the persons are involved in criminal activity." (Citation omitted.) *Akins v. State*, 266 Ga. App. at 215.

Thus even though the officer only suspected, based upon Beasley's youthful appearance, that he was involved in underage drinking, "an officer's reasonable suspicion that a person may be involved in criminal activity permits the officer to stop the person for a brief time and take additional steps to investigate further," including requesting identification. *Hiibel v. Sixth Judicial Dist. Court of Nevada, Humboldt County*, 542 U. S. 177 (124 SC 2451, 2453, 159 LE2d 292) (2004). After questioning Beasley, the officer detected the smell of alcohol and had reason to suspect that the identification Beasley furnished did not belong to him. He then questioned Beasley further. These activities were all reasonably connected to the officer's investigation, and no Fourth Amendment violation occurred.

Accordingly, we find that the trial court erred in granting Beasley's motion to suppress.

*Judgment reversed. Ruffin, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 29, 2004.

*Richard H. Taylor, Solicitor-General*, for appellant.
*Randall M. Clark*, for appellee.