## A05A1574. THE STATE v. ROBINSON.
(629 SE2d 509)

SMITH, Presiding Judge.

The State appeals from the trial court's grant of Rasheed Robinson's motion to suppress. Because Robinson had no standing to challenge the search that resulted in the discovery of contraband, we reverse.

When we review a trial court's decision on a motion to suppress, the evidence is construed most favorably to uphold the findings and judgment of the trial court; the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them.

(Citations and punctuation omitted.) *Lewis v. State*, 233 Ga. App. 560 (1) (504 SE2d 732) (1998).

Viewing the evidence in the light most favorable to support the trial court's findings, the record reveals that an officer conducting routine surveillance near an apartment complex noticed two men pacing back and forth on the upstairs breezeway of one of the buildings. The officer was suspicious because drugs were frequently sold from the apartment building and "runners" often stood in the breezeway to take drugs down to buyers on the street. He radioed for a second uniformed officer to investigate. When the second officer approached, he came upon three men and noticed the smell of burnt marijuana. He asked the men for identification and asked if he could talk to them and pat them down. They consented. When the officer performed a pat-down on the first man he found a bag full of smaller plastic bags. The officer noticed that this same man put a hamburger he was eating into a McDonald's bag while the officer performed a pat-down on the second man. The third man, Robinson, "picked up the McDonald's bag and crushed it to his chest." When the officer observed Robinson "move[ ] the bag to his back," he asked Robinson if he could look inside the bag, and Robinson handed it over. Inside the bag the officer found a partially eaten hamburger and small individual bags of marijuana. Police arrested both Robinson and the companion on whose person the small plastic bags were found.

Charged with possession of marijuana with intent to distribute, Robinson filed a motion to suppress the evidence obtained as a result of the search of the McDonald's bag. The trial court granted Robinson's motion, concluding that (1) "police had no particularized objective basis for seizing the men," (2) the officer had no reason to pat-down the first man and did so as a pretext to search for drugs, and (3) Robinson did not voluntarily consent to the search.

"In reviewing a ruling on a motion to suppress, the threshold question is whether the defendant has standing to challenge the seizure of the evidence." (Citation omitted.) *State v. Jackson*, 243 Ga. App. 330, 331 (533 SE2d 433) (2000); see *State v. Cooper*, 260 Ga. App. 333, 334 (1) (579 SE2d 754) (2003). Robinson appears to assert that his property or possessory interest in the McDonald's bag was created when he grabbed the bag. He argues that because he "exercised dominion and control over the bag" and did not deny his possessory interest in it, he had standing to challenge the search of the bag. We disagree.

> The Fourth Amendment right against unreasonable search and seizure is a personal right, so a defendant may challenge the legality of a search only where his or her own rights were violated. The Fourth Amendment protects a defendant who

can show that he or she had an expectation of privacy in the area searched which society recognizes as reasonable.

(Citations omitted.) *Floyd v. State*, 237 Ga. App. 586, 587 (516 SE2d 96) (1999). "Whether the accused (1) had the right to possession of the seized item, (2) had the right to exclude others from the area searched, and (3) took normal precautions to maintain the privacy and security of the items seized, are important factors. . . ." (Citations omitted.) *Robinson v. State*, 226 Ga. App. 406, 408 (2) (486 SE2d 667) (1997).

Here, although Robinson possessed the bag for a few seconds before the officer requested to search it, he had no reasonable expectation of privacy in it because just prior to the officer's request, Robinson's companion was eating out of and storing food in the bag. There is no evidence that Robinson expected his companion to keep the contents of the bag private or that he attempted to exclude others from it. Unlike a suitcase or other closed container, a fast-food bag is not traditionally a receptacle for private items. *Robinson,* supra, 226 Ga. App. at 408 (2); see *Floyd,* supra, 237 Ga. App. at 587-588. Any expectation of privacy Robinson claims was not reasonable or legitimate. Therefore, he had no standing to challenge the search of the bag.

Robinson also argues that because the stop was illegal he is entitled to challenge the fruits of his illegal detention. See *Cooper,* supra, 260 Ga. App. at 334-335 (1). We find that argument to be without merit.

In a first tier police-citizen encounter, a police officer may approach a citizen, ask for identification, and freely question the citizen without any basis or belief that the citizen is involved in criminal activity, as long as the officer does not detain the citizen or create the impression that the citizen may not leave. The first tier provides no Fourth Amendment protection. A second tier police-citizen encounter also does not require probable cause, but only a particularized and objective basis for suspecting the persons are involved in criminal activity.

(Citations and punctuation omitted.) *State v. Beasley*, 270 Ga. App. 638, 639-640 (607 SE2d 245) (2004). The evidence showed that the officer's approach and conversation with the men was a first tier encounter. Here, the officer approached the men, asked if they had identification and if he could speak with them. See *Smith v. State*, 264 Ga. App. 533, 534 (1) (591 SE2d 443) (2003). There was no evidence of coercion or detention. Id. In any case, the officer would have had a reasonable and articulable suspicion of illegal activity to justify

detaining the men considering that he smelled burned marijuana and was in an area known for drug sales. See *Beasley*, supra, 270 Ga. App. at 640 (second tier stop permissible where defendant had a youthful appearance and officer detected odor of alcohol on his person); see also *Bowens v. State*, 276 Ga. App. 520, 521 (623 SE2d 677) (2005) (where defendant smelled of marijuana officer had reasonable suspicion to detain him to determine whether he was driving under the influence). Since the officer's actions in approaching the men did not constitute a Fourth Amendment violation, Robinson cannot challenge the search on this basis.

We therefore conclude that the trial court erred in granting Robinson's motion to suppress. See *Robinson*, supra, 226 Ga. App. at 408-409 (2).

*Judgment reversed. Ellington and Adams, JJ., concur.*

DECIDED MARCH 28, 2006 — 

*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney, Woodrow S. Smith*, for appellant.

*Daniel K. McCall, Nancy I. Jordan*, for appellee.