## A06A0906. VALLE v. THE STATE.
### (638 SE2d 394)

RUFFIN, Chief Judge.

Following a bench trial, the court found Eric Valle guilty of trafficking in cocaine and trafficking in marijuana. In four enumerations of error, Valle challenges the trial court's denial of his motion to suppress. For reasons that follow, we affirm.

In reviewing a trial court's ruling on a motion to suppress, we are guided by three principles.[1] First, the trial court acts as factfinder, and we will affirm that court's resolution of conflicts in the evidence if there is any evidence to support it.[2] Second, we defer to "the trial court's decision as to questions of fact and credibility unless they are clearly erroneous."[3] And, in reaching our decision, we construe the evidence in a light favorable to upholding the lower court's judgment.[4]

Viewed in this manner, the record reveals that on September 8, 2004, police were conducting surveillance on Eric Valle, who was suspected of involvement in cocaine trafficking. While undercover agent Allen Martin was watching Valle's home, Martin saw Valle leave the residence, carrying a white, plastic trash bag that appeared heavy. According to Martin, he "could see the indentation of what appeared to be . . . either the corner of a kilo . . . of cocaine or the corner of a bale of marijuana." Valle placed the bag in the hatchback of a Ford Escort and sat in the passenger seat of the vehicle. Another man, subsequently identified as Victor Gilles, drove the car from the house.

Martin began following the Escort, and he noticed that one of the brake lights was malfunctioning. Thus, Martin called dispatch, identified himself as a law enforcement officer, and requested that a police officer stop the vehicle. He also informed dispatch that the car might contain contraband. Officer Christopher Ayers responded to the call and, using his lights and siren, stopped the vehicle.

As Ayers approached the Escort, he "detected an odor of . . . marijuana" emanating from the car. He asked Gilles for a driver's license, and after checking the license Gilles provided through law

---

[1] See *Thomas v. State*, 261 Ga. App. 493, 496 (2) (583 SE2d 207) (2003).

[2] See id.

[3] Id.

[4] See id.

enforcement databases, Ayers was told that the license had been suspended. Ayers had Gilles exit the car, and he asked Gilles for consent to search the vehicle. Gilles responded, "I suppose so . . . ," but was interrupted by another officer before he finished his sentence. Nevertheless, the officer subsequently searched the Escort. According to Ayers, he noticed "the distinct odor of marijuana" in the car that was stronger toward the back of the car. Using keys, one of the officers opened the hatchback of the automobile and discovered approximately 15 pounds of marijuana bricks stored in trash bags.

Both Valle and Gilles were arrested. Police officer Bryan McCann read Valle his *Miranda* rights, and Valle agreed to speak with McCann. McCann asked Valle "if he had any more drugs at his residence," and Valle responded negatively. McCann then asked for and received consent to search Valle's residence. The police searched the house and discovered approximately half of a kilogram of cocaine, $8,000 in cash, and two handguns. The police also searched a shed in the yard, but found no contraband. A search of the vehicles in the yard yielded cell phones and "miscellaneous paperwork."

Valle moved to suppress all evidence found, and the trial court denied the motion. Specifically, the court found that Valle lacked standing to contest the search of Gilles' automobile and that he consented to the search of his residence. On appeal, Valle challenges the trial court's ruling, arguing: (1) he has standing to challenge the search of Gilles' automobile; (2) the search of the automobile was unconstitutional; (3) the search of his house was unconstitutional; and (4) the trial court erred in failing to rule on the suppression motion with respect to items seized from the vehicles in his yard.

1. "The Fourth Amendment right against unreasonable search and seizure is a personal right, so a defendant may challenge the legality of a search only where his or her own rights were violated."[5] Moreover, the Fourth Amendment protects against searches only when the person searched can show that he had a reasonable expectation of privacy in the area searched.[6] Thus, a passenger in a car who neither owns the car nor asserts a possessory interest in its contents generally lacks standing to challenge the search of that car.[7]

Valle argues that, notwithstanding his standing to challenge the search of the car, he had standing to contest the search of the garbage bag found in the trunk, which the police knew to be his. We disagree. Valle chose to put the garbage bag in the trunk of a car that he did not own and over which he exercised no control. Furthermore, the

---

[5] (Punctuation omitted.) *State v. Robinson*, 278 Ga. App. 511, 512 (629 SE2d 509) (2006).

[6] See id. at 512-513.

[7] See *Dixon v. State*, 273 Ga. App. 740, 743 (3) (615 SE2d 838) (2005).

container involved — a garbage bag, rather than a suitcase or a briefcase — "is not traditionally a receptacle for private items."[8] Under these circumstances, Valle has no reasonable expectation of privacy in the garbage bag he placed in the trunk.[9] It follows that the trial court did not err in finding Valle lacked standing to challenge the search. In view of this holding, we need not address the propriety of the search itself.

2. We also reject Valle's claim that the search of his house was unconstitutional. According to Valle, his girlfriend, Cheneyra Cruz, was present when the police arrived to search the home, and she refused consent for the search. Valle cites *State v. Randolph*[10] for the proposition that "where one occupant of a residence consents to a search and the other occupant expressly refuses consent, any search conducted pursuant to the first occupant's consent is unlawful." However, Valle reads this case far too broadly.

Again, "[t]he Fourth Amendment right against unreasonable search and seizure is a personal right and may not be asserted vicariously."[11] Thus, such right "may be enforced only at the instance of the person whose protection was infringed by the search and seizure."[12] The *Randolph* case, upon which Valle relies, stands for the proposition that "a physically present co-occupant's stated refusal to permit entry prevails, rendering the warrantless search unreasonable and invalid *as to him*."[13] It does not vicariously impute Cheneyra Cruz's refusal to consent valid as to Valle.

As the United States Supreme Court has made clear, a warrantless entry into and search of a residence may be authorized by the voluntary consent of the individual whose property is searched.[14] Here, the evidence shows that Valle consented to the search of his residence. Under these circumstances, the subsequent search of Valle's house does not constitute a violation of the Fourth Amendment.[15]

3. Finally, Valle argues that the trial court erred in finding "that it had nothing to review with regard to the searches of the vehicles and shed because no 'contraband' was seized from these locations." Pretermitting whether the trial court erred, we find no basis for

---

[8] *Robinson,* supra at 513.

[9] See *Mecale v. State,* 186 Ga. App. 276, 277-278 (367 SE2d 52) (1988).

[10] 278 Ga. 614 (604 SE2d 835) (2004).

[11] *Hall v. State,* 258 Ga. App. 502, 504 (1) (a) (574 SE2d 610) (2002).

[12] *State v. Jackson,* 243 Ga. App. 330 (533 SE2d 433) (2000).

[13] (Emphasis supplied.) *Georgia v. Randolph,* 547 U. S. 103 (126 SC 1515, 164 LE2d 208) (2006).

[14] See id.

[15] See *Pierce v. State,* 274 Ga. App. 670, 671 (1) (618 SE2d 700) (2005).

reversal. It is axiomatic that a defendant must show harm as well as error before reversal is warranted.[16] Here, Valle makes no attempt whatsoever to explain how he was harmed by the introduction in evidence of either the cell phones or "miscellaneous paperwork," items which the trial court — as factfinder — clearly found to be innocuous. Under these circumstances, Valle has not established entitlement to reversal.[17]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 2, 2006 — 

*Jennifer S. Hanson*, for appellant.
*Patrick H. Head, District Attorney, Matthew T. McNally, Amy H. McChesney, Assistant District Attorneys*, for appellee.

---

[16] See *Perdue v. State*, 271 Ga. App. 402, 405 (2) (609 SE2d 756) (2005); *Dupree v. State*, 267 Ga. App. 561, 564 (2) (600 SE2d 654) (2004).

[17] See *Perdue*, supra.