## A11A1009. DAVIS v. THE STATE.
### (716 SE2d 710)

MIKELL, Judge.

Based on evidence that Dustin Denard Davis brutally attacked his wife, a Gwinnett County jury convicted him of rape, aggravated sodomy, aggravated assault, family violence battery, and possession of a knife during the commission of a felony. Davis appeals from the order denying his second amended motion for new trial, contending that his trial counsel rendered ineffective assistance. We disagree and affirm.

> To prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficiency so prejudiced defendant that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct.[1]

"We accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[2]

1. Davis first contends that trial counsel was ineffective for failing to file a motion to suppress evidence, including the knife he used to threaten his wife, discovered during a warrantless search of his residence. "When trial counsel's failure to file a motion to

---

[22] See *Brown,* supra.

[1] (Citations and punctuation omitted.) *Patel v. State,* 279 Ga. 750, 751 (620 SE2d 343) (2005).

[2] (Citation omitted.) *Stanley v. State,* 283 Ga. 36, 38 (2) (656 SE2d 806) (2008).

suppress is the basis for a claim of ineffective assistance, the defendant must make a strong showing that the damaging evidence would have been suppressed had counsel made the motion."[3] Davis has failed to make this showing.

The evidence shows that Davis's wife signed a form consenting to the search of the marital residence. Davis argues that the consent was invalid because it was given after his wife vacated the home, rendering her a "nonresident" for Fourth Amendment purposes.[4] The record shows, however, that Mrs. Davis executed the consent form on the very day that she fled to her uncle's house and called the police. Davis has cited no authority for the proposition that Mrs. Davis relinquished all interest in the marital residence at the moment she fled the home with her baby and belongings. The case he relies upon, *Wilson v. State*,[5] is wholly inapposite. In *Wilson*, we upheld a burglary conviction based, in part, on evidence that the defendant lacked authority to be in his girlfriend's home.[6] Although the defendant had resided there, he was not a party to his girlfriend's lease, did not have a key to her home, and did not have her permission to be there at the time of the offense. In the case at bar, Davis made no showing at the hearing held on his second amended motion for new trial that his wife lacked authority to consent to a search of the marital residence. *Wilson* does not support his argument.

Moreover, Davis's reliance on *Georgia v. Randolph*[7] is misplaced. According to *Randolph*, "a warrantless search of a shared dwelling for evidence over the express refusal of consent by a physically present resident cannot be justified as reasonable as to him on the basis of consent given to the police by another resident."[8] Davis does not assert that he was physically present and refused consent. His trial counsel testified at the new trial hearing that he did not recall Davis voicing any objection to the search of the marital residence. Therefore, the warrantless search is not invalid for the reason stated

---

[3] (Citation omitted.) *Richardson v. State*, 276 Ga. 548, 553 (3) (580 SE2d 224) (2003); accord *Stanley*, supra at 39 (2) (a); *Odom v. State*, 304 Ga. App. 615, 619 (5) (697 SE2d 289) (2010).

[4] See *State v. Goodman*, 290 Ga. App. 196, 198 (660 SE2d 21) (2008) (affirming grant of motion to suppress because state did not show that owner consented to police entry into his home or that person consenting was authorized to allow such entry); *Brown v. State*, 261 Ga. App. 351, 354 (1) (582 SE2d 516) (2003) ("[T]he mere presence of a third party who opens the door is insufficient to show the type of authority required" to consent to a search.) (citations omitted).

[5] 304 Ga. App. 743 (698 SE2d 6) (2010).

[6] Id. at 746 (1) (b).

[7] 547 U. S. 103 (126 SC 1515, 164 LE2d 208) (2006).

[8] (Footnote omitted.) Id. at 120 (II) (D).

in *Randolph*.[9] It follows that Davis's attorney's performance was not deficient for failing to pursue a meritless motion to suppress.[10]

2. Davis next asserts that his trial counsel was ineffective for failing to introduce a cologne bottle into evidence. He claims that his wife sodomized herself with the bottle, thereby causing her own anal injuries. At the new trial hearing, a nurse testified that Mrs. Davis's injury was consistent with this theory as well as with the victim's testimony as to how she was injured. Davis's trial counsel testified that he did not deem credible Davis's theory that his wife caused her own injuries by "shoving a cologne bottle in her anus." Accordingly, counsel decided not to present this theory as a defense to the charge of aggravated sodomy. "An attorney's decisions on which witnesses to call, what evidence to introduce . . . and which defenses to pursue are matters of trial tactics that do not amount to ineffective assistance of counsel."[11] "Such tactical decisions provide no grounds for reversal unless they are so patently unreasonable that no competent attorney would have chosen them."[12] Davis's trial attorney's strategic decision not to pursue this defense was not patently unreasonable, and this claim of ineffectiveness fails.

3. Davis next argues that trial counsel was ineffective in failing to request a poll of the jury to establish that the verdict was unanimous. The record shows that during deliberations, the jury sent a note to the judge seeking clarification on the offense of aggravated assault as alleged in the indictment. The court recharged the jury, and it resumed deliberations. The court then realized that its recharge was incorrect, but before the court could recall the jury, it reached a verdict. The court declined to receive the verdict and explained to the jury what had transpired. The court correctly recharged the jurors and instructed them to deliberate anew. The jury returned with its verdict within a few minutes.

Davis argues that the circumstances under which the jury reached its verdict were so "bizarre" as to require competent counsel to request polling of the jury. As Davis has cited no authority to support his position, this ground of ineffectiveness also fails. "Our courts have consistently rejected ineffective assistance claims based on the failure to conduct a poll."[13]

---

[9] See generally *Valle v. State*, 282 Ga. App. 223, 225 (2) (638 SE2d 394) (2006) ("[A] warrantless entry into and search of a residence may be authorized by the voluntary consent of the individual whose property is searched.") (footnote omitted).

[10] See *Peeler v. State*, 286 Ga. App. 400, 405 (2) (c) (649 SE2d 775) (2007).

[11] (Citations, punctuation and footnote omitted.) *Mattox v. State*, 305 Ga. App. 600, 607 (3) (699 SE2d 887) (2010).

[12] (Punctuation and footnote omitted.) *Serrate v. State*, 268 Ga. App. 276, 278 (2) (c) (601 SE2d 766) (2004).

[13] (Punctuation omitted.) *Marshall v. State*, 285 Ga. 351, 353 (4) (c) (676 SE2d 201)

4. Finally, Davis asserts that first appellate counsel was ineffective for failing to raise the ineffectiveness of trial counsel. Davis makes this argument in the event this Court determines that his claims of ineffectiveness were waived by first appellate counsel. As these claims were raised by current appellate counsel in a second amended motion for new trial and were ruled on by the trial court following a hearing, there has been no waiver.[14] As such, this enumeration of error is moot.

*Judgment affirmed. Smith, P. J., and Dillard, J., concur.*

DECIDED JULY 15, 2011 —
RECONSIDERATION DENIED SEPTEMBER 16, 2011 —

*Edwin J. Wilson*, for appellant.

*Daniel J. Porter, District Attorney, Wesley C. Ross, Assistant District Attorney*, for appellee.

---

(2009), citing *Hodge v. State*, 287 Ga. App. 750, 753 (2) (a) (652 SE2d 634) (2007).

[14] Compare *Thompson v. State*, 257 Ga. 386, 388 (2) (359 SE2d 664) (1987) ("Any ineffective counsel challenge will be deemed waived if the new attorney files an amended motion for new trial and does not raise the issue before the trial court so that the challenge can be heard at the earliest practicable moment, i.e., during the hearing on the amended motion.").